HOMER A. CURTISS v. PEMBROKE MURRY, JOHN M. HEATH, WILLIAM STONE, MARION STONE, NORTON STONE, AND ELIAS STONE.

CORPORATION.—A corporation is recognized in law only by its corporate name, and must sue and be sued by its corporate name.

LIABILITY FOR CORPORATE DEBTS.—If several persons associate themselves together and form a corporation, they cannot be sued as individuals for the debts of the corporation.

CERTIFICATE OF PRESIDENT OF CORPORATION.—If the president of a corporation signs, as president, a paper stating that the person named in it has a credit for a given sum for work done for the corporation, the instrument itself does not constitute a cause of action against the corporation or against the persons composing the corporation.

APPEAL from the District Court, Ninth Judicial District, Shasta County.

There were several instruments set out in the complaint, executed to different persons, as the cause of action against the defendants. Plaintiff sued as the assignee of these instruments. They were each in substance like the following:

" GEORGE LEACH, *Cr.*

" By work on the Soda Springs and Pitt River Road and bridges, from March 15th, 1861, to June 24th, 1861, $296.

" JOHN M. HEATH,

" President of the Soda Springs and Pitt River Turnpike Road.

" SHASTA COUNTY, August 25th, 1861."

The other facts are stated in the opinion of the Court.

*M. G. Cobb,* and *E. Steele,* for Appellants.

80

*Robinson & McConnell*, for Respondent.

By the Court, RHODES, J.

The plaintiff sued Pembroke Murry, John M. Heath, and others, and avers in his complaint that they being associated together, under the laws of the State, under the name and style of the Soda Springs and Pitt River Turnpike Road Company, having for its object the construction of a certain road, and having their principal place of business at Yreka; and the company having at a time stated filed its certificate of incorporation, and thereafter acting as a duly incorporated company, with certain persons as its officers, who were at a time mentioned duly elected by the stockholders; and that " as such incorporated company, to wit, the Soda Springs and Pitt River Turnpike Road Company aforesaid, and defendants herein, they became indebted to the following named persons," etc. Judgment was entered for the plaintiff against the persons named in the complaint " and others associated together under the corporation laws of this State, under the name and style of the Soda Springs and Pitt River Turnpike Road Company, and each of them, and each member of said incorporation."

The corporation is not a party to the suit and judgment has not been rendered against it. The allegations respecting the formation of the company, its officers, etc., amount merely to a description of the persons, of those named as defendants, and serves no other purpose in the case, than does the statement of the county of their residence. It is a rule as old, perhaps, as the earliest laws forming or authorizing the formation of corporations, that a corporation must sue and be sued by its corporate name. Indeed, one of the powers and capacities, " necessarily and inseparably incident to every corporation," is that of suing and being sued by its corporate name. A corporation, like a person, is recognized in law only by its name, and in its corporate capacity, rights and liabilities, it is as distinct from the persons composing it, as an incorporated

city is from an inhabitant of the city. The plaintiff has not sued the corporation, and no judgment could be rendered against it, and in fact the judgment does not run against it. (See *Collins* v. *Montgomery*, 16 Cal. 398.)

The judgment cannot be maintained against any of the defendants, except Murry, because they have not been served with process and have not entered their appearance to the action. It cannot be upheld against Murry or any of the defendants personally, for the reason that the complaint does not state facts sufficient to constitute a cause of action against them. They do not appear, individually, to have had any connection with, and are not charged to be liable for the amounts of money specified in the several instruments signed by J. M. Heath, President, etc.

Those instruments set out in the complaint are mere matters of evidence, and do not of themselves constitute a cause of action against the defendants, or indeed the corporation.

Judgment reversed and cause remanded for further proceedings, with leave to the plaintiff to amend his complaint.