[Civ. No. 17691. First Dist., Div. One. Mar. 26, 1959.]

JAMES HIMMEL, as Trustee, etc., et al., Appellants, v. CITY COUNCIL OF THE CITY OF BURLINGAME et al., Respondents.

James Himmel, in pro. per., for Appellants.

Burress Karmel, City Attorney, for Respondents.

BRAY, J.—The notice of appeal states: "Plaintiffs are appealing all rulings, orders, and judgments, interlocutory or final, which in any way, or to any degree are adverse to the interests of the plaintiffs in the above-entitled action. Particular reference is made to proceedings in the above-entitled case of May 18, 1956 and March 16, 1956."*

QUESTIONS PRESENTED

1. May a corporation sue in propria persona?

2. After motion to strike complaint granted, may complaint be amended without leave of court?

RECORD

May 16, 1955, complaint for injunction and petition for alternative writ of mandate and/or writ of review and/or writ of prohibition was filed entitled "Burlingame Civic Improvement Club, Incorporated, a Corporation and City of Burlingame, plaintiffs v. City Council of the City of Burlingame, defendants" (this complaint will be referred to as complaint No. 1), signed "Howard Watkinson, President, Burlingame Civic Improvement Club, James Himmel, First Vice-President, Burlingame Civic Improvement Club, Hugh Rosaaen, Jr., Secretary, Burlingame Civic Improvement Club," verified by Hugh Rosaaen, Jr. and Joy Ahren Rosaaen, designated as "interested parties to the above-entitled action as are other taxpayers, qualified electors and property owners in the City of Burlingame, who are similarly aggrieved . . ." No name of attorney nor designation of any person in propria persona appears.

The same day an application was made for a temporary restraining order and order to show cause. The proposed order, in the space ordinarily used for the name of the counsel

___

*The only orders directly appealable among the above broad designation are those granting defendants' motions to strike the original and amended complaints and orders setting aside defaults and default judgments. While the orders striking complaints are not any of those mentioned in section 963, Code of Civil Procedure, such an order has been held appealable under that section as a "final judgment" if the order granting the motion to strike operated to remove the cause of action alleged and to leave no issues to be determined between the plaintiff and the defendants. (See *Wilson* v. *Sharp* (1954), 42 Cal.2d 675 [268 P.2d 1062], and cases there cited.) The orders setting aside defaults and default judgments are appealable under the section as they are orders made after judgment.

for plaintiff, stated the name of the club, its president, first vice-president and treasurer, and secretary, "Office of Secretary," address and telephone number "For the Plaintiff." June 6, amended complaint filed (herein designated complaint No. 2.) It is similar to the first complaint except that city of Burlingame is eliminated as a plaintiff and included as a defendant. Also designated members of the city council, the city attorney and city engineer are also the defendants. It is signed "James Himmel" and verified by him as "Founder, First Vice-President, and Treasurer" of the club. No attorney or person in propria persona appears. During the period June 6, 1955, to February 14, 1956, plaintiffs filed three amended complaints (herein designated as complaints Numbers 3, 4 and 5), and innumerable notices of motion. All of these plaintiffs requested leave to withdraw and on February 14 were granted permission to withdraw. It might be added that a considerable part of the complexities and confusions of the record in this matter could have been avoided had the Burlingame Civic Improvement Club employed an attorney to handle its court proceedings instead of leaving them to a layman.

In complaint Number 3 the plaintiff was designated as "James Himmel, as Trustee of an Express Trust, Director and Founder of Burlingame Civic Improvement Club, Incorporated, a Corporation, Beneficiary of said Express Trust." In complaints Number 4 and Number 5 so withdrawn plaintiffs in each were "James Himmel, as Trustee of an Express Trust, and Burlingame Civic Improvement Club, Incorporated, a Corporation, Beneficiary of said Express Trust."

Finally, February 14, 1956, "First Amended Complaint for Injunction, Writ of Mandate and General Relief, Incorporating Modifications to all Prior Pleadings in Order to Correct Formal and Technical Defects" was filed (herein referred to as complaint No. 6). Here the plaintiffs are "James Himmel, as Trustee of an Express Trust, and Burlingame Civic Improvement Club, Incorporated, a Corporation, Beneficiary of said Express Trust." It is signed and verified, "James Himmel, in Propria Persona, Plaintiff as Trustee of an Express Trust for Burlingame Civic Improvement Club, Incorporated, a Corporation, Beneficiary of said Express Trust." Defendants failed to appear to complaints Number 2 and Number 6. Their defaults were taken and judgments entered against them. Later the defaults and judgments were set aside. Plaintiffs made several motions, other than those they withdrew, among others, motions to set aside the orders relieving defend-

ants from default, which were denied. In view of our rulings on the major questions presented we deem it unnecessary to consider the actions of the court thereon.

The record is highly confused and in many instances it is difficult to determine just what the court's order was. Thus on June 24, 1955, a minute order entry appears, "It is ordered that the motion to strike be granted." At that time there were before the court a motion to strike the original complaint (complaint No. 1) and the amended complaint (complaint No. 2). Plaintiffs contend that the order referred to complaint Number 1, defendants that it referred to complaint Number 2. As nearly as we can figure out from the record, it was complaint Number 1 that was stricken. At the time of the hearing of the motion, complaint Number 1 had been super- seded by complaint Number 2 filed on June 6. (See 2 Witkin, California Procedure, p. 1603, § 592, to the effect that an amended complaint supersedes the original one.) Plaintiffs had the right to amend their complaint once, of course, before answer or demurrer filed. (Code Civ. Proc., § 472.) Therefore, the striking of complaint Number 1 was an idle act, and of no importance. Later, the court ordered complaints Number 2 and Number 6 stricken from the record. This brings us to the question, was the court's action proper in striking com- plaint Number 2 and if so, were plaintiffs entitled to file their amended complaint (complaint No. 6) without leave of court?

### 1. *Corporation in Propria Persona.*

 Primarily the propriety of the court's order striking complaint Number 2 depends upon whether in California a corporation may sue in propria persona. That it may not has been flatly determined in this state. *Paradise* v. *Nowlin* (1948), 86 Cal.App.2d 897 [195 P.2d 867], so holds (p. 898): "A natural person may represent himself and present his own case to the court although he is not a licensed attorney. A cor- poration is not a natural person. It is an artificial entity created by law and as such it can neither practice law nor appear or act in person. Out of court it must act in its affairs through its agents and representatives and in matters in court it can act only through licensed attorneys. A corporation can- not appear in court by an officer who is not an attorney and it cannot appear in propria persona. [Citations.]" Plaintiffs rely upon *A. Victor & Co.* v. *Sleininger,* 255 App.Div. 673 [9 N.Y.S.2d 323] holding that a corporation could be repre- sented by a director who was not an attorney. The Paradise case expressly refused to follow that case, pointing out that

"The later New York cases have negated this concept." (P. 899.) The Paradise case distinguished *Prudential Insurance Co.* v. *Small Claims Court,* 76 Cal.App.2d 379 [173 P.2d 38, 167 A.L.R. 820], which held that a corporation could appear in propria persona in the small claims court by pointing out that as attorneys are prohibited by law from appearing in that court, a corporation could not defend itself there unless it could appear in propria persona, but no such situation exists as to other trial courts. Therefore complaint Number 2 was properly stricken.

2. *Right to Amend.*

 Complaint Number 6 was filed without leave of court. In it the plaintiffs are James Himmel as Trustee of an Express Trust *and* the Burlingame Civic Improvement Club. Himmel purports to act in propria persona for himself as trustee. No one appears for the club. The club is again attempting to represent itself in propria persona, and the order of the court in striking the complaint as to the club was proper as a corporation may not appear in propria persona. Himmel as trustee is a new party plaintiff who did not appear in either complaints Number 1 or Number 2. Section 473, Code of Civil Procedure, states: "The court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding *by adding* or striking out *the name of any* party . . ." (Emphasis added.) The only allegation in the complaint dealing with the trust is the following: "That plaintiff, James Himmel, is appearing in this action as Trustee of an Express Trust for Burlingame Civic Improvement Club, Incorporated, a corporation, Beneficiary of said Express Trust, and is assessed for, liable to pay and has paid property taxes to the City of Burlingame, in his name, on behalf of said corporation." Just what the "express trust" is does not appear. Whatever it is, a trustee of an express trust for a corporation is distinct from that corporation and hence amending the complaint to add such trustee either as an additional plaintiff or as a substitution for the corporation plaintiff is the type of amendment which requires permission of the court under section 473. That plaintiffs consider that the trustee and the corporation are separate persons is shown by the fact that they are joined as plaintiffs in the 6th complaint. *Schaefer* v. *Berinstein,* 140 Cal.App.2d 278, 299 [295 P.2d 113], and the cases there cited, hold that a motion to strike will be granted where new parties are added to a pleading without permission of court.

Plaintiffs contend that on June 24, 1955, the court granted them leave to amend. Defendants deny that any such leave was granted. We have diligently searched the record and find no evidence of such grant. The minutes of that date do not show it, nor is there any reference to it in the narrative account of the proceedings on that day. We, of course, are bound by the record.

Plaintiffs contend that the striking of a complaint is equivalent to the sustaining of a special demurrer to a complaint, in which event, they contend, an amended complaint may be filed as a matter of course. There is, however, a great difference between striking a complaint under the circumstances of this case and the sustaining of a special demurrer. As we have heretofore shown, the order striking the complaint constitutes a judgment and is appealable, while the sustaining of a demurrer is not a judgment and in order to be appealable must be followed by a judgment.

Defendants heretofore moved to dismiss the appeal upon the ground that the issues are moot inasmuch as the proceedings sought to be enjoined are completed. That motion heretofore was denied by this court without prejudice to its being renewed. It has been renewed. Plaintiffs concede that insofar as the complaints pray for an injunction or writ of mandate the action has become moot because the proceedings sought to be stopped have been completed. However, they contend that in the 6th complaint a money judgment is sought by plaintiffs for the city for moneys allegedly illegally expended. As we have determined that the complaints were properly stricken it becomes unnecessary to determine this question.

The orders are affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 20, 1959. Peters, J., did not participate therein.