[L.A. No. 30825. July 25, 1978.]

MERCO CONSTRUCTION ENGINEERS, INC.,
Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE LONG BEACH JUDICIAL
DISTRICT OF LOS ANGELES COUNTY,
Defendant and Respondent;
SULLY-MILLER CONTRACTING COMPANY,
Real Party in Interest and Respondent.

**COUNSEL**

Grant & Popovich and Irvin Grant for Plaintiff and Appellant.

John H. Larson, County Counsel, and David B. Kelsey, Deputy County Counsel, for Defendant and Respondent.

Herbert M. Rosenthal, Ronald Stovitz, Joseph P. Charney and Kenyon F. Dobberteen as Amici Curiae on behalf of Defendant and Respondent.

No appearance for Real Party in Interest and Respondent.

**OPINION**

**CLARK, J.—** ▮ Appeal from judgment denying petition for writ of mandate directing, inter alia, the respondent Long Beach Municipal

Court to allow petitioner, Merco Construction Engineers, Inc., a corporation (Merco), to appear in a civil action through a corporate officer not an attorney.[1] Merco relies on Code of Civil Procedure section 90, purporting to authorize such an appearance.[2] We conclude the Legislature cannot constitutionally vest in a person not licensed to practice law the right to appear in a court of record in behalf of another person, including a corporate entity. We therefore affirm the judgment.

Both the municipal court and Sully-Miller contend the Legislature is precluded by the separation of powers clause from designating those persons who are authorized to practice law.[3] The exclusive right to determine who is qualified to practice law is claimed to be an inherent power of the judiciary.[4] Statements of our courts have consistently supported such contention.

In *Brydonjack* v. *State Bar* (1929) 208 Cal. 439 [281 P. 1018] we noted that "[a]dmission to practice is almost without exception conceded everywhere to be the exercise of a judicial function . . . ." (*Id.,* at p. 443.)

---

[1]The basic civil action was commenced in municipal court by real party in interest, Sully-Miller Contracting Company (Sully-Miller) against petitioner Merco for damages resulting from an alleged breach of contract. Merco filed an answer and cross-complaint, purporting to appear in propria persona through Phil Rotblatt, Merco's treasurer, not a member of the State Bar. Sully-Miller demurred to both the answer and the cross-complaint on the ground a corporation could not appear in propria persona. (See *Vann* v. *Shilleh* (1975) 54 Cal.App.3d 192, 199 [126 Cal.Rptr. 401].) The demurrer was sustained as to the cross-complaint, but for procedural reasons was overruled as to the answer. Merco then commenced the instant proceedings, filing in superior court petition for writs of certiorari and mandamus seeking an order directing the municipal court to set aside its order sustaining the demurrer, to overrule the demurrer, and to permit Merco to appear in propria persona. In denying the petition the superior court concluded Code of Civil Procedure section 90 (see fn. 2, *post*), in purporting to authorize a nonattorney to appear in behalf of a corporation, offends the separation of powers clause of the state Constitution (see fn. 3, *post*) and the equal protection clauses of the state and federal Constitutions. (See U.S. Const., Amend. XIV, § 1; Cal.Const., art. I, § 7.) The instant appeal followed.

[2]Section 90 provided at times pertinent herein: "Where a corporation is a party in the municipal court it may appear through a director, an officer, or an employee, whether or not such person is an attorney at law."

Section 90 was subsequently repealed and reenacted as Code of Civil Procedure section 87, identical to former section 90 except that it applies also to proceedings in justice courts. (Stats. 1976, ch. 1288, § 6.)

[3]California Constitution, article III, section 3, provides: "The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others, except as permitted by this Constitution."

[4]Such contention is also urged by amici curiae, the State Bar of California and the Legal Aid Foundation of Los Angeles, in support of the municipal court as respondent.

More than three decades later we stated that "[h]istorically, the courts, alone, have controlled admission, discipline and disbarment of persons entitled to practice before them." (*Brotsky* v. *State Bar* (1962) 57 Cal.2d 287, 300 [19 Cal.Rptr. 153, 368 P.2d 697, 94 A.L.R.2d 1310].) We have also dealt directly with the compulsion of legislation purporting to set standards for admission to practice law. In the case of *In re Lavine* (1935) 2 Cal.2d 324 [41 P.2d 161, 42 P.2d 311], a "pardon statute" purported inter alia to restore to an attorney disbarred upon conviction of a crime, the right to practice law following an executive pardon of the offense. Prior to enactment of the statute, granting a full pardon had been judicially held insufficient of itself to entitle the attorney to reinstatement. The statute, accordingly, purported to overturn a judicial rule governing admission to practice law.

While recognizing "that the legislature may prescribe reasonable rules and regulations for admission to the bar" we held such "legislative regulations are, at best, but minimum standards unless the courts themselves are satisfied that such qualifications as are prescribed by legislative enactment are sufficient. . . . In other words, the courts in the exercise of their inherent power may demand more than the legislature has required. [Citations.]" (*In re Lavine, supra,* 2 Cal.2d 324, 328.) ■ (See fn. 5.) We concluded "that in so far as the . . . 'pardon statute' purports to reinstate, or to direct this, or any other, court to reinstate, without any showing of moral rehabilitation, an attorney who has received an executive pardon of the offense upon the conviction of which his disbarment was based, the same is unconstitutional and void as a legislative encroachment upon the inherent power of this court to admit attorneys to the practice of the law and is tantamount to the vacating of a judicial order by legislative mandate."[5] (*Id.,* at p. 329; see also *Stratmore* v. *State Bar* (1975) 14 Cal.3d 887, 889-890 [123 Cal.Rptr. 101, 538 P.2d 229]; *Emslie* v. *State Bar* (1974) 11 Cal.3d 210, 225 [113 Cal.Rptr. 175, 520 P.2d 991]; *In re Bogart* (1973) 9 Cal.3d 743, 750 [108 Cal.Rptr. 815, 511 P.2d 1167]; *Brotsky* v. *State Bar, supra,* 57 Cal.2d 287, 300.)

■ We deem it established without serious challenge that legislative enactments relating to admission to practice law are valid only to the extent they do not conflict with rules for admission adopted or approved

[5]The "inherent power" of the judiciary to govern admission to the practice of law is not expressly dealt with in any constitutional provision. It is provided in article VI, section 1 that the "judicial power of this State is vested in the Supreme Court, courts of appeal, superior courts, municipal courts, and justice courts. All except justice courts are courts of record."

by the judiciary. When conflict exists, the legislative enactment must give way. Merco in the instant case does not challenge this concept. It states in its brief that the issue presented "is not . . . whether the legislature has the power to confer the privilege of practicing law upon lay persons," and acknowledges that the "inherent power of the Supreme Court to admit persons to practice law is not in dispute."

The issue according to Merco is whether a corporation can appear in court in propria persona in the same way as a natural person. Prior to enactment of section 90 it was well established that a corporation could not so appear. "A corporation cannot represent itself in court, either in propria persona or through an officer or agent who is not an attorney." (*Vann* v. *Shilleh, supra,* 54 Cal.App.3d 192, 199; see also *Roddis* v. *All-Coverage Ins. Exchange* (1967) 250 Cal.App.2d 304, 311 [58 Cal.Rptr. 530]; *Himmell* v. *City Council* (1959) 169 Cal.App.2d 97, 100 [336 P.2d 996]; *Paradise* v. *Nowlin* (1948) 86 Cal.App.2d 897, 898 [195 P.2d 867].) Merco contends the established rule is inapplicable because, for the first time, section 90 expressly provides for representation in propria persona. A party appearing in propria persona, Merco contends, is not engaged in the practice of law contrary to the dictates of the Constitution and this court, because such party is not appearing in a representative capacity.

■ Merco recognizes that it, while being a corporation and a person within many legal concepts, nevertheless lacks attributes and rights of natural persons.[6] It thus acknowledges that prior to enactment of section 90 it lacked the right to make a court appearance except through a member of the bar, but claims this was so only because the Legislature had not declared a corporation to be a person for purposes of self-representation. According to Merco's reasoning, the Legislature by passing section 90 at long last expanded the legal "personhood" of a corporation, and the courts should respect that expansion of corporate rights against charges of infringing on the court's authority to control the practice of law.

Merco's argument requires further examination of corporate existence. It is fundamental, of course, that a "corporation is a distinct legal entity separate from its stockholders and from its officers." (*Maxwell Cafe* v. *Dept. Alcoholic Control* (1956) 142 Cal.App.2d 73, 78 [298 P.2d 64].) "A corporation . . . in its corporate . . . rights and liabilities . . . is as distinct

---

[6]The words of the controlling statute (". . . the word 'person' includes a corporation as well as a natural person" (Code Civ. Proc., § 17)), make it clear a corporation is not deemed to be a natural person in legal contemplation. (See also Corp. Code, § 207.)

from the persons composing it, as an incorporated city is from an inhabitant of that city." (*Curtiss* v. *Murry* (1864) 26 Cal. 633, 634-635; see also *Miller* v. *McColgan* (1941) 17 Cal.2d 432, 436 [110 P.2d 419, 134 A.L.R. 1424]; *Erkenbrecher* v. *Grant* (1921) 187 Cal. 7, 9 [200 P. 641]; *Jacques, Inc.* v. *State Bd. of Equalization* (1957) 155 Cal.App.2d 448, 460 [318 P.2d 6]; *Dandini* v. *Dandini* (1953) 120 Cal.App.2d 211, 217 [260 P.2d 1033]; 6 Witkin, Summary of Cal. Law (8th ed. 1974) p. 4316.)

To presume, as we must if we are to follow Merco's reasoning, that a corporation can act without representation, is a fiction we cannot accept. (See *American Center for Education, Inc.* v. *Cavnar* (1972) 26 Cal.App.3d 26, 36 [102 Cal.Rptr. 575]; *Roddis* v. *All-Coverage Ins. Exchange* (1967) 250 Cal.App.2d 304, 311 [58 Cal.Rptr. 530].) ■ A corporation cannot in fact appear in court *except* through an agent. (See *Brooks* v. *Small Claims Court* (1973) 8 Cal.3d 661, 669 [105 Cal.Rptr. 785, 504 P.2d 1249].) Section 90 does not even purport to grant to a corporation a right to represent itself—it purports only to change the identity of the representative through whom it may appear. If we were to hold that a corporation represents itself when appearing through a "director, an officer, or an employee" (Code Civ. Proc., § 90), then it would necessarily follow that the corporate "self" is comprised of directors, officers, or employees, contrary to the authorities we have noted.

■ The qualifications of the human representing a corporation—or for that matter any other person or entity—in court is one of vital judicial concern. Such person is clearly engaged in the practice of law in a representative capacity. The practice of law "is the doing and performing services in a court of justice in any matter depending therein through its various stages . . . ." (*People* v. *Merchants Protective Corp.* (1922) 189 Cal. 531, 535 [209 P. 363]; see also *Bluestein* v. *State Bar* (1974) 13 Cal.3d 162, 173-174 [118 Cal.Rptr. 175, 529 P.2d 599]; *Baron* v. *City of Los Angeles* (1970) 2 Cal.3d 535, 543 [86 Cal.Rptr. 673, 469 P.2d 353].)

We recognize, of course, that corporations are represented in small claims court by persons who are not members of the State Bar. Such representation is authorized by statute (Code Civ. Proc., § 117 et seq.) as interpreted and approved by court decision (*Prudential Insurance Co.* v. *Small Claims Court* (1946) 76 Cal.App.2d 379 [173 P.2d 38, 167 A.L.R. 820]). Merco quotes from *Prudential* for the proposition that "the common law rule that prohibits a corporation from appearing in legal proceedings *in propria persona* may be modified by the Legislature."

Representation in small claims court raises special problems for corporations. Section 117g (now § 117.4) provides that no "attorney at law or other person than the plaintiff and defendant shall take any part in the filing or the prosecution or defense of such litigation in the small claims court." Thus, under a literal construction of the statute a corporation, although it could be sued in small claims, could not defend because it was incapable of defending except through a natural person, and an appearance by such "other person" was prohibited. Even though suggested due process denials might have been resolved in favor of the literal application of the statute (*id.*, at pp. 382-383, but see p. 384), the court in *Prudential* concluded that "[s]ince corporations can only appear through some natural person it is obvious that the proper natural person may appear to prosecute or defend . . . and that such a proper person is not an 'other person' excluded by section 117g." (*Id.*, at p. 385.)

*Prudential* stands for two propositions which are important to our determinations here. First, a corporation not itself being a natural person, can make a court appearance only through a natural person—obviously a person other than the corporate person. Second, because the statute cannot be construed as intending to deny to a corporation the right to sue or defend in small claims court, it can appear in such court through a natural person as an exception to a literal reading of former section 117g.

■ *Prudential* is not to be extended to courts other than small claims courts even when, as here, the Legislature has expressly provided for such extension. As stated, it is this court and not the Legislature which exercises ultimate control over admissions to practice law. The fact that we have approved lay representation of corporate parties in small claims courts does not *require* that we do so for other courts. The special circumstances which were deemed necessary for such representation in small claims proceedings do not exist in the municipal court.

In net effect our holding today is to deny the Legislature's invitation to permit a person with no demonstrable skills as an attorney to represent a corporation in municipal court merely because such person may be a director, officer or employee of the corporation. We are not authorized, of course, to reject in the usual course of our judicial function a legislative enactment merely because we deem it serves no desirable purpose. But when the matter at issue involves minimum standards for engaging in the practice of law, it is this court and not the Legislature which is final policy maker.

■

In our view there are many reasons why the legislative invitation must be rejected. Unlike the problems in *Prudential,* there is no rule preventing Merco from being represented in the municipal court by a member of the bar. Moreover, unlike proceedings in small claims court, formal rules of procedure and evidence are to be observed by representatives of the parties, and the court is entitled to expect to be aided in resolution of the issues by presentation of the cause through qualified professionals rather than a lay person. (*Gordon* v. *Justice Court* (1974) 12 Cal.3d 323, 327 [115 Cal.Rptr. 632, 525 P.2d 72, 71 A.L.R.3d 551]; *City of Downey* v. *Johnson* (1968) 263 Cal.App.2d 775, 779 [69 Cal.Rptr. 830].)

We deem, also, Code of Civil Procedure section 90 not to serve the general welfare in that it would authorize the appearance, in behalf of a corporation, of almost any person selected by a corporation regardless of the length of his association or employment, his position with the corporation, or his training, character and background. Thus an "employee" could be a disbarred attorney who becomes employed solely for the purpose of bill collection, moving in and out of court and from corporation to corporation. Or he could be a paraprofessional who, while having failed to pass a bar examination, is nevertheless not precluded from practicing law so long as he confines his client/employer to corporations and his practice to justice and municipal courts.[7] Such persons could hire themselves out on a part time basis to a number of corporations, creating a cadre of unprofessional practitioners. Unlike members of the State Bar, they would not be subject to professional rules of conduct nor be required to adhere to ethical standards established by any governmental or professional agency. Because corporations could be represented by persons not subject to ethical restraints they would be afforded an opportunity to take unfair advantage in particular situations —as in debt collections on claims of little or no merit against persons of low income who are inclined to default even against such unmeritorious claims. (See *Barquis* v. *Merchants Collection Assn.* (1972) 7 Cal.3d 94, 109 [101 Cal.Rptr. 745, 496 P.2d 817]; *Ferraro* v. *Pacific Fin. Corp.* (1970) 8 Cal.App.3d 339, 353 [87 Cal.Rptr. 226].)[8]

[7] While the appeal was pending herein the Legislature enacted and the Governor signed Assembly Bill No. 2192 increasing the limitation on civil action recoveries in municipal courts from $5,000 to $15,000. (Stats. 1978, ch. 146, § 1.) The amendment thus provides added inducement to engage in the type of practice purportedly authorized by section 90.

[8] The situation which might thus develop in municipal court could be similar to that which now exists in small claims court. (See *Brooks* v. *Small Claims Court, supra,* 8 Cal.3d 661.) In *Brooks* we noted a study which indicated only 35 percent of plaintiffs but 86 percent of defendants in small claims were individuals, and that almost 90 percent of all

Code of Civil Procedure section 90 (now § 87) thus constitutes a legislative attempt to provide for those persons who may engage in a limited practice of law. Because we deem those persons not qualified for even such limited practice, we conclude the statute offends the separation of powers clause of our Constitution and is of no force and effect.

The judgment is affirmed.

Mosk, J., Richardson, J., and Manuel, J., concurred.

**NEWMAN, J.**—I dissent. It may be that section 87 of the Code of Civil Procedure is not a perfect answer to the vexing problem of participation by nonlawyers in adjudicatory proceedings. The majority of this court now intervenes, however, to restrict seriously the Legislature's power to seek imaginative and improved answers to that vexing problem.

I am not persuaded here that the Legislature has violated the vague commands in article III, section 3 of the California Constitution. Nor am I persuaded that the word "court" (compared, say, with the phrase "administrative tribunal") should trigger automatically the monopoly that some people think inheres in article VI, section 9 of the Constitution, regarding the State Bar. (Cf. *Eagle Indem. Co.* v. *Industrial Acc. Com.* (1933) 217 Cal. 244, 247-249 [18 P.2d 341]; and see Bennett, *Non-Lawyers and the Practice of Law Before State and Federal Agencies* (1960) 46 A.B.A.J. 705; State Bar Reports (Dec. 1977-Jan. 1978) p. 14 ["90,000 California lawyers in 1984"].)

Bird, C. J., concurred.

**TOBRINER, J.**—I dissent.

Although past decisions recognize this court's ultimate policymaking role as to regulations affecting the "practice of law," none of the judicial

judgments entered were in favor of the plaintiff. We stated: "[I]n many instances, the institutional creditor has a large and constant volume of claims, repeatedly invokes the jurisdiction of the small claims courts, and inevitably becomes proficient in this type of litigation. It is only natural, then, that such a claimant will have a decisive advantage over the individual defendant participating in perhaps his first and only courtroom proceeding. This advantage may be compounded if the institutional creditor is a corporation. Since a corporation must appear by someone, it is possible for it to do so by a proper representative . . . who may have legal training but at the same time will not fall within the statutory restriction on appearance by attorneys." (*Id.,* at p. 669; fn. omitted.)

authorities relied upon by the majority supports its cavalier position in this case. Without any concrete showing that section 87 of the Code of Civil Procedure will impair the judicial system or harm the general public, the majority rejects this explicit enactment that corporations may be represented by nonattorney employees in municipal and justice courts.

In placing corporate entities on an equal footing with individuals, sole proprietorships and partnerships that have long enjoyed in propria persona rights, the Legislature articulated the increasing public concern with the growing expense of legal services and the need to insure continued access to courts in controversies of less than major financial proportions. Failing to address the serious problem to which this legislation is directed, the majority invalidates the statutory enactment by simply speculating as to the abuses that the presence of nonattorneys in court may engender. In my view, such speculation fails to serve as a basis for invalidating the enactment, even as to a matter in which the judiciary shares policy making authority with the Legislature. Unless and until such a legislatively prescribed procedure demonstrably interferes with the administration of justice, I believe that the judiciary should grant to the instant modest legislative innovation the opportunity to prove itself in operation.

In invalidating section 87, the majority relies heavily on decisions from California and other jurisdictions embracing the *common law* rule that corporations must be represented by attorneys in courts of record. (See, e.g., *Paradise* v. *Nowlin* (1948) 86 Cal.App.2d 897 [195 P.2d 867].) All of the decisions, however, represent judicial declarations of the rights of corporations *in the absence of a specific statutory authorization of in propria persona representation.* The majority fails to cite a single decision in which a court has invalidated a statute, such as section 87, expressly permitting a corporation to be represented by a nonattorney employee.

Indeed, the Court of Appeal opinion in *Prudential Insurance Co.* v. *Small Claims Court* (1946) 76 Cal.App.2d 379 [173 P.2d 38, 167 A.L.R. 820], directly refutes the majority's conclusion that the Legislature lacks authority to grant in propria persona rights to corporations. In the *Prudential Insurance* case, Justice Peters (then on the Court of Appeal) initially recognized the "general rule that a corporation *in the absence of statutory authority,* even in its own behalf, cannot practice law." (Italics added.) (76 Cal.App.2d at p. 386.) Justice Peters went on to point out, however, that none of the earlier decisions establishing the "general rule" "dealt with a statutory situation such as is here involved. Here we have a

statute, section 117g [now § 117.4], that expressly confers on corporations, as well as on other persons, the right to prosecute or defend . . . . Thus here, unlike the above cases [articulating the common law rule], there is express statutory authorization for a corporation to appear *in propria persona* through some proper representative other than an attorney. This serves to distinguish all of the cited cases." (*Id.*)

The majority suggests that the holding in *Prudential* was a necessary exception to the general rule prohibiting in propria persona representation by corporations: since section 117g provided that no attorney could represent a party in small claims court, "a corporation, although it could be sued in small claims, could not defend because [under a literal construction of that statute] it was incapable of defending through a natural person . . . ." (*Ante,* p. 731.) The majority contends these "special circumstances" which justified in propria persona representation in small claims proceedings do not exist in municipal court. This analysis fails to acknowledge the underlying public policy on which the holding in *Prudential* was expressly based, and does not explain why that policy should not be applied with respect to municipal and justice court disputes as well as small claims.

The policies underlying both section 117g and the legislation at issue here are largely the same: Individuals have long been entitled to appear in propria persona because in many minor disputes the relatively small amount in controversy renders representation by counsel infeasible. A rule requiring representation by counsel in such disputes could well deny a potential litigant his right to judicial resolution of the dispute. As was aptly expressed by Justice Peters in *Prudential*: "Justice should not be a rich man's luxury. The Magna Carta guaranteed that justice would not be denied or delayed. Ever since 1215 those interested in the administration of justice have struggled somewhat unsuccessfully to live up to that promise so far as the poor litigant is concerned. The delay and expense incident to litigation have long discouraged the attempts of the poor litigant to secure redress for claims meritorious but small in amount. These cases are relatively of as great importance to those litigants as those heard in our highest courts, but the expense of employing an attorney and paying normal court costs is more than the cause will bear. . . ." (76 Cal.App. at p. 383.)

Without question minor claims frequently arise in municipal and justice court in which the "cost of employing counsel is more than the cause will bear." In enacting section 87 the Legislature simply recognized

that corporate entities, as well as individuals, are often engaged in such minor disputes and should be entitled as much as individuals to an economical adjudication of their rights. Just as it properly authorized in propria persona representation by corporations in small claims court, I believe that the Legislature acted within its powers to determine public policy by permitting corporate appearances in propria persona in municipal courts.

The majority emphasizes that municipal courts, unlike small claims courts, are courts of record in which "formal rules of procedure and evidence are to be observed by representatives of the parties, and the court is entitled to expect to be aided in the resolution of the issues by presentation of the cause through qualified professionals rather than a lay person." (*Ante,* p. 732.) While we recognize the courts' interest in assistance of counsel and maximum procedural efficiency, we doubt the majority's conclusion that corporations appearing in propria persona will unduly handicap a court of record. Individuals have long been permitted to proceed in propria persona; the legal system has not been left in shambles. In the absence of any showing, we cannot see how corporate in propria persona representation will have a more deleterious judicial effect.

The majority further suggests that section 87 dangerously opens the door for a "cadre of unprofessional practitioners" ethically unrestrained from abusing the judicial system and from taking unfair advantage of individual litigants, especially in debt collection matters. The majority engages in speculation in assuming, however, that corporations that appear in propria persona will cause greater injury than individual proprietors or partnerships that do so. The abstract distinction between sole proprietorships and partnerships, which ostensibly constitute "natural" persons, and corporations, which constitute "artificial" persons, has little bearing on the practical effect of nonattorney representation.

Both the nonattorney who represents his own business or his partnership, and the nonattorney who represents his corporate employer perform exactly the same functions both in and out of court. The majority fails to explain why the Legislature could not reasonably conclude that the latter class of corporate employees posed no greater danger to the public and the judicial system than the former class. In the past, trial courts have proven quite capable of handling any abuse of in propria persona privileges that may arise in the course of actual litigation; the majority

does not suggest why the trial court's broad authority over the conduct of litigation cannot adequately protect the public in the context of corporate pro. per. representation.

Of course, if the provisions of section 87 do in fact prove to create a significant danger to the public or to the administration of justice, our court retains the authority to invalidate the enactment under the "separation of powers" doctrine. In striking down the statute in the absence of any such showing, however, I believe the majority has acted prematurely and without due consideration of the important public policies reflected in the legislation. In my view, we should not hamper the Legislature's efforts to facilitate more procurable, accessible and equal justice and should allow this innovative legislation an opportunity to prove itself in actual operation.

Bird, C. J., concurred.