TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | |
|---|---|
| OPINION : | |
| : | No. 93-416 |
| of : | |
| : | September 17, 1993 |
| DANIEL E. LUNGREN : | |
| Attorney General : | |
| : | |
| GREGORY L. GONOT : | |
| Deputy Attorney General : | |
| : | |

THE HONORABLE GARY T. YANCEY, DISTRICT ATTORNEY, COUNTY OF CONTRA COSTA, has requested an opinion on the following question:

Under what circumstances, if any, does a statutory form power of attorney provide an exception to the prohibition against practicing law without a license?

CONCLUSION

A statutory form power of attorney does not provide an exception to the prohibition against practicing law without a license.

ANALYSIS

This inquiry requires an examination of two different statutes: Civil Code section 2494,[1] which sets forth the powers granted by a statutory form power of attorney,[2] and Business and Professions Code section 6125, which prohibits the unlicensed practice of law. The question presented for resolution is whether a non-lawyer, acting on the basis of a power of attorney signed by his or her client and properly witnessed, may engage in the practice of law on behalf of the client. We conclude that the powers granted by section 2494 do not authorize the unlicensed practice of law.

---

[1]All undesignated section references hereafter are to the Civil Code.

[2]The statutory form power of attorney is a standardized method by which a power of attorney may be created; it is not the exclusive method. (See § 2481.)

1.                                                                                          93-416

Business and Professions Code section 6125 is part of the State Bar Act (Bus. & Prof. Code, §§ 6000-6228) and states: "No person shall practice law in California unless the person is an active member of the State Bar." The unauthorized practice of law is a misdemeanor. (§ 6126.) In *Baron* v. *City of Los Angeles* (1970) 2 Cal.3d 535, 542, the practice of law was described as follows:

> "`"[A]s the term is generally understood, the practice of law is the doing and performing services in a court of justice in any manner depending therein throughout its various stages and in conformity with the adopted rules of procedure. But in a larger sense it includes legal advice and counsel and the preparation of legal instruments and contracts by which legal rights are secured although such matter may or may not be depending in court."'"

The *Baron* definition of the practice of law is in agreement with more recent cases. (See *In re Utz* (1989) 48 Cal.3d 468, 482-483; *Merco Constr. Engineers, Inc.* v. *Municipal Court* (1978) 21 Cal.3d 724, 730; *Bluestein* v. *State Bar* (1974) 13 Cal.3d 162, 173-174; *People* v. *Landlords Professional Services* (1989) 215 Cal.App.3d 1599, 1604-1608.)

Section 2494, in contrast, is part of the Uniform Statutory Form Power of Attorney Act (§§ 2475-2499.5; hereafter "Act"). The Act sets forth precise powers granted for a variety of specified categories, one of which is for "claims and litigation." The powers pertaining to that category are contained in section 2494, which states:

> "In a statutory form power of attorney, the language with respect to claims and litigation empowers the agent to do all of the following:

> "(a) Assert and prosecute before a court or administrative agency a claim, claim for relief, cause of action, counterclaim, cross-complaint, or offset, and defend against an individual, a legal entity, or government, including suits to recover property or other thing of value, to recover damages sustained by the principal, to eliminate or modify tax liability, or to seek an injunction, specific performance, or other relief.

> "(b) Bring an action to determine adverse claims, intervene in litigation, and act as amicus curiae.

> "(c) In connection with litigation:

> "(1) Procure an attachment, garnishment, libel, order of arrest, or other preliminary, provisional, or intermediate relief and use any available procedure to effect, enforce, or satisfy a judgment, order, or decree.

> "(2) Perform any lawful act, including acceptance of tender, offer of judgement, admission of facts, submission of a controversy on an agreed statement of facts, consent to examination before trial, and binding the principal in litigation.

> "(d) Submit to arbitration, settle, and propose or accept a compromise with respect to a claim or litigation.

> "(e) Waive the issuance and service of process upon the principal, accept service of process, appear for the principal, designate persons upon whom process directed to the principal may be served, execute and file or deliver stipulations on the principal's behalf, verify pleadings, seek appellate review, procure and give surety

and indemnity bonds, contract and pay for the preparation and printing of records and briefs, receive and execute and file or deliver a consent, waiver, release, confession of judgment, satisfaction of judgment, notice, agreement, or other instrument in connection with the prosecution, settlement, or defense of a claim or litigation.

"(f)    Act for the principal with respect to bankruptcy or insolvency proceedings, whether voluntary or involuntary, concerning the principal or some other person, or with respect to a reorganization proceeding, or with respect to an assignment for the benefit of creditors, receivership, or application for the appointment of a receiver or trustee which affects an interest of the principal in property or other thing of value.

"(g) Pay a judgment against the principal or a settlement made in connection with litigation and receive and conserve money or other thing of value paid in settlement of or as proceeds of a claim or litigation."

In determining whether the provisions of section 2494 constitute an exception to the prohibition against the unauthorized practice of law, we first consider the distinction between acting as an "attorney in fact" and acting as an "attorney at law."  This distinction was explained in *People* ex rel. *Dept. of Public Works* v. *Malone* (1965) 232 Cal.App.2d 531, where the court addressed the issue of whether an agent, by virtue of a special power of attorney, may participate in litigation and stipulate to a judgment on behalf of his principal.  The court distinguished the two situations as follows:

". . . `As a general rule, a person may properly appoint an agent to do the same acts and to achieve the same legal consequences by the performance of an act as if he had acted personally, unless public policy or the agreement with the principal requires personal performance; unless the agreement to do an act, or the doing of the act itself, is criminal, tortious, or otherwise opposed to public policy, in which case the appointment is illegal; . . . '

"In 3 American Jurisprudence Second, Agency, section 23, page 433, the basic conceptions of attorney at law and attorney in fact are thus contrasted: `. . . the person holding a power of attorney is known and designated as an "attorney in fact," thus distinguishing such person from an attorney at law.'

"A power of attorney does not permit an agent to act as an attorney at law. If the rule were otherwise, the State Bar Act could be relegated to contempt by any layman who secured from his principal an ordinary power of attorney, for the purpose of representing him in pending litigation.

"An attorney at law is different from an attorney in fact by definition and by general customary treatment. . . . "  (*Id.,* at pp. 536-537.)

Thus, at the time of the enactment of section 2494 in 1990 (Stats. 1990, ch. 986, § 3) and its predecessor, former section 2468, in 1984 (Stats. 1984, ch. 602, § 1), the rule was that a power of attorney could not be used as a device to allow an unlicensed agent to engage in the practice of law.

Whether the rule set forth in *Malone* was abrogated or altered by the addition of section 2494 is a matter of statutory construction.  As stated in *Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387:

"[O]ur first task in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. In determining such intent, a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import . . . . The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. [Citations.] Where uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation. [Citation.] Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent. [Citation.] A statute should be construed whenever possible so as to preserve its constitutionality. [Citations.]"[3]

Looking at the plain language of section 2494, we observe that the powers specified therein allow the agent to bind the principal in legal matters pertaining to claims and litigation; whatever legal posture could be assumed by the principal, the agent may also assume on his or her behalf. However, none of the enumerated powers necessarily entails the practice of law as that term has been defined by the courts (see *People* v. *Landlords Professional Services, supra,* 215 Cal.App.3d at pp. 1604-1608), and nothing in the language of the statute allows the agent to undertake such functions as preparing legal pleadings and arguing matters before a judge or jury. We note in this regard that section 2494 authorizes the agent to "verify pleadings" and to "contract and pay for the preparation . . . of . . . briefs. . . . " If the agent's powers with regard to the preparation of legal pleadings and briefs were plenary, the Legislature presumably would not have specified the more limited acts of *verifying* pleadings and *paying* for briefs. Furthermore, in connection with litigation, section 2494 empowers the agent to "[p]erform any lawful act." Under Business and Professions Code section 6125, it is not lawful for an unlicensed person to engage in the practice of law.

An examination of the possible consequences in allowing the use of a statutory form power of attorney as a basis for engaging in the practice of law supports the conclusion that section 2494 should not be interpreted as constituting an exception to Business and Professions Code section 6125. In *Merco Constr. Engineers, Inc.* v. *Municipal Court, supra,* 21 Cal.3d 724, the court stated: ". . . formal rules of procedure and evidence are to be observed by representatives of the parties, and the court is entitled to expect to be aided in resolution of the issues by presentation of the cause through qualified professionals rather than a lay person." (*Id.,* at p. 732.) If a power of attorney could authorize the practice of law by an unlicensed person, disbarred attorneys and others who have failed to pass the bar examination could, as found in *Merco*:

". . . hire themselves out on a part-time basis to a number of [clients], creating a cadre of unprofessional practitioners. Unlike members of the State Bar, they would not be subject to professional rules of conduct nor be required to adhere to ethical standards established by any governmental or professional agency." (*Ibid.*)

Such consequences in permitting the statutory form of power of attorney to be used as a means of practicing law militate strongly against an expansive interpretation of section 2494.

_____

[3]Also applicable here is "the settled rule that `legislative enactments should not be construed to overthrow long-standing principles of law unless such an intention is clearly shown by express declaration or necessary implication.'" (*People* v. *Pitts* (1990) 223 Cal.App.3d 606, 870.)

Indeed, interpreting section 2494 so as to allow the unlicensed practice of law could call into serious question the statute's constitutionality. In *Merco Constr. Engineers, Inc.* v. *Municipal Court, supra,* 21 Cal.3d 724, a corporation sought to appear in a civil action through a corporate officer who was not an attorney. The corporation relied on a statutory provision allowing corporations to appear in municipal court through a non-attorney director, officer, or employee. The statute was found by the Supreme Court to be in conflict with "the inherent power of this court to admit attorneys to the practice of law" (*id.,* at p. 728), because "when the matter at issue involves minimum standards for engaging in the practice of law, it is this court and not the Legislature which is final policy maker" (*id.,* at p. 731).[4] The court ruled that "the Legislature cannot constitutionally vest in a person not licensed to practice law the right to appear in a court of record in behalf of another person, including a corporate entity." (*Id.,* at p. 727.) In accordance with established principles of statutory construction, section 2494 may not be interpreted in a fashion that would render it unconstitutional.

Although the preparation of legal pleadings and briefs may be undertaken by a person acting in propria persona, such activity cannot properly be considered the practice of law since there is no relationship with a client and no rendering of legal advice. If a person is not practicing law when representing himself or herself, the power to practice law cannot be transferred by executing a power of attorney.

Finally, we note the comments of the California Law Revision Commission[5] relative to the general effect of the statutory scheme which contains section 2494:

"A general effect of this article is that the agent (attorney in fact) can exercise authority subject to the same conditions and limitations as the principal. . . . But all authority is subject to conditions of fact and law that exist outside the chapter. For example, a collection agency could not escape regulation by acting under this power of attorney." (Recommendation Relating to Uniform Statutory Form Power of Attorney Act (Dec. 1989) 20 Cal. Law Revision Com. Rep. (1990) p. 401.)

Similarly, the prohibition of Business and Professions Code section 6125 would be an "outside" condition of law that may not be circumvented by use of the statutory form power of attorney.

We conclude that the statutory form power of attorney does not provide an exception to the prohibition against practicing law without a license.

---

[4]As noted by the Supreme Court in *Hustedt* v. *Workers' Comp. Appeals Bd.* (1981) 30 Cal.3d 329, 338-339:

"Under the State Bar Act (Bus. & Prof. Code, § 6000 et seq.), the State Bar has no power to admit individuals to the practice of law nor to suspend or disbar them. The act empowers the bar to certify a candidate for admission, or to recommend suspension or disbarment for misconduct but `*[f]inal action can only be taken by this court.*'"

[5]The California Law Revision Commission recommended the enactment of sections 2475-2499.5, and section 2494 was adopted as proposed by the commission. The commission's interpretive comments thus carry considerable weight as an indicator of legislative intent. (See *Brian W.* v. *Superior Court* (1978) 20 Cal.3d 618, 623 ["Explanatory comments by a law revision commission are persuasive evidence of the intent of the Legislature in subsequently enacting its recommendations into law."].)

\* \* \* \* \*

\* \* \* \* \*