[L. A. No. 13600. In Bank.—January 19, 1933.]

EAGLE INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and LORENZA Z. HERNANDEZ, a Minor, et al., Respondents.

F. Britton McConnell and E. Herbert Herlihy for Petitioner.

Barry Sullivan, James M. Carter, G. M. Grant, Allan F. Daily, J. M. Sinclair and Eldred E. Wolford, *Amici Curiae* for Petitioner.

A. I. Townsend for Respondents.

Paul Shapiro, E. G. Hewitt and Willis S. Mitchell, *Amici Curiae* for Respondents.

SHENK, J.—Petition to review and annul an award of the Industrial Accident Commission.

On September 15, 1931, Gavino Hernandez, an employee, sustained injuries arising out of and in the course of his employment, as a result of which he died. The petitioner herein is the insurance carrier of the employer. On application of the widow and minor children of the decedent, the respondent Commission awarded a death benefit com-

puted in accordance with the statute. The Commission found, among other things, that "the applicants' representative, Alex Mestas, is entitled to a lien against compensation for the reasonable value of his services in the sum of $100", and in its award made the compensation payable to the widow "less $100 thereof payable to Alex Mestas, as attorney's fees".

It is the award of the reasonable value of his services to Alex Mestas as the applicants' representative, and the making of the amount thereof "as attorney's fees" a lien on the award, that is attacked as beyond the jurisdiction of the Commission, since it appeared beyond dispute that Mestas is not and never has been admitted to practice law in the courts of this state.

The respondent seeks to justify its action under the terms of the Workmen's Compensation and Safety Act and particularly sections 19a and 24 thereof. Section 19a provides in part: "Either party shall have the right to be present at any hearing in person or by attorney or by any other agent, and to present such testimony as shall be pertinent under the pleadings." Section 24a provides in part that "No compensation, whether awarded or voluntarily paid, shall be paid to any attorney at law or in fact or other agent, but shall be paid directly to the claimant entitled to the same, unless otherwise ordered by the commission"; and 24b: "The commission may fix and determine and allow as a lien against any amount to be paid as compensation: (1) A reasonable attorney's fee for legal services pertaining to any claim for compensation either before the commission or before any of the appellate courts." Section 24d provides that it shall be competent for the commission to determine what shall be a reasonable charge for legal services and that no charge, claim or agreement for such services in excess of the amount so determined "shall be enforceable, valid or binding in any respect". This section also provides: "The privilege of any person, including attorneys admitted to practice in the Supreme Court of the state of California, to appear in any proceeding as a representative of any party before the commission or any of its referees, may be removed, denied, prohibited or suspended by the commission for a violation of the foregoing provisions of this section or for good cause, after hearing had."

It is assumed by the respondent Commission and is conceded by Mr. Mestas, appearing on his own behalf, that the services performed by him in the prosecution of the claim before the Commission were legal services. It is further conceded by him that the legal services so rendered by him would constitute ''unlawful practice of the law'', unless the Workmen's Compensation Act authorizes one not an attorney at law to perform such services.

The question presented is this: Do the pertinent provisions of the Workmen's Compensation Act evidence an intention on the part of the legislature to permit a person not admitted to practice law to represent a litigant before the Industrial Accident Commission and to receive compensation for legal services, the amount thereof to be fixed and charged as a lien by the Commission, and, if so, is it within the power of the legislature to so provide?

The question is one of both legislative and judicial concern. The legislature may, in the first instance, prescribe the qualifications for admission to the bar and define what shall constitute the practice of the law, but regulations to that end must stand the test of judicial inquiry as to their propriety and reasonableness. (*State Bar of California* v. *Superior Court,* 207 Cal. 323 [278 Pac. 432].)

In the exercise of its power the legislature has properly provided, or has provided for, such regulations under which, as a general rule, no one may practice law without a license, and to obtain a license he must be admitted to the bar. Exceptions to this general rule have been established and long recognized. A well-known exception is provided by section 842 of the Code of Civil Procedure, as follows: ''Parties in justices' courts may appear and act in person or by attorney; and any person, except the constable by whom the summons or jury process was served, may act as attorney.'' This section has been in effect in substance since the adoption of the Practice Act, and in it we have the long-approved authorization for a layman to practice law as *an attorney*, in a judicial tribunal. This exception to the general rule is recognized also by section 281 of the Code of Civil Procedure; and with limitations by section 96 of the same code. We find nothing in the State Bar Act, or other statute of this state, establishing the general rules regulating the admission to or the practice of the law

which has disturbed the special rule as to the practice of the law by laymen as attorneys in justices' courts.

An examination of the Workmen's Compensation Act, and particularly the provisions thereof above quoted, has convinced us that the legislature has provided a further exception to the general rule, as to practice before the Industrial Accident Commission. The statute specially provides that a party litigant before the Commission may be represented by one not admitted to practice law. When so acting he performs legal services and such services are the services of an "attorney" as that term is used in section 842 of the Code of Civil Procedure. When so understood it is in accord with the primary meaning of the word "attorney" as a "representative". (Standard Dictionary.) When he has performed such services the act provides that the Commission may fix the amount to be paid therefor. When so fixed no violence is done to the terms of the act to have a lien declared therefor as "attorney's fees for legal services". If he were not permitted under the act to perform such legal services without a license to practice law the result would be different.

The foregoing meaning of the language of the act is reinforced by the practical construction placed thereon by the Commission since 1917. During this period of over fifteen years the Commission has permitted claimants to be represented by representatives, or attorneys not admitted to practice law, and this proceeding is the first instance in which the point has been raised. No abuse of the practice so long obtaining has been suggested and none may well arise because of the fact that the whole matter of the amount of the compensation, if any, to be allowed and the proper conduct of representatives of litigants before it, is peculiarly within the control of the Commission. For good cause shown and after hearing, the privilege of representing litigants before it may be "removed, denied, prohibited or suspended", and this power applies as well to "attorneys admitted to practice" as to lay representatives. (Sec. 24d.) Furthermore, no charge for legal services by a representative of a claimant nor any agreement therefor is binding and any such charge or agreement is declared invalid under the section just referred to.

Nor do we find in this proceeding such a question of public policy as would justify the overturning of the order of the Commission. The question of public policy is argued on both sides by *amici curiae*, all members of The State Bar. On the one hand it is urged that the order should be affirmed on the ground that numerous claimants for compensation are indigent and their claims are of such a character and the compensation allowed by the Commission is so small as not to justify the engagement or service of a member of the bar, and that without the right to have a lay representative the claimant would ofttimes be unrepresented. On the other hand, it is urged that to allow the order to stand would vitally affect the business of lawyers admitted to practice in this state, and would result in inexperienced and inexpert advice and assistance to a deserving claimant to the latter's detriment; and that the practice of allowing lay representation before boards exercising judicial functions should not be extended. Whatever view may be urged as to the policy of the law in such matters, the legislature has declared the policy and we do not feel warranted in this instance in setting it aside. If it be desirable from a legislative standpoint to prohibit lay representation before the Industrial Accident Commission, the act could be amended to accomplish that result.

The award is affirmed.

Seawell, J., Preston, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.