

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 7, 1977

The Honorable Gibson Gayle, Jr.        Opinion No. H- 974
President
State Bar of Texas                     Re:  Whether non-lawyers
Austin, Texas  78701                   may represent corporations
                                       and individuals at
                                       administrative hearings
                                       of state boards and
                                       agencies.

Dear Mr. Gayle:

You have requested our opinion as to whether representation
of corporations and individuals by non-lawyers before the
Industrial Accident Board and the State Board of Insurance
constitutes the unauthorized practice of law.

It is well established that the purpose of laws and
decisions prohibiting the performance of legal services by
non-lawyers is to protect the public from unqualified persons.
Hexter Title & Abstract Co. v. Grievance Committee, 179
S.W.2d 946 (Tex. 1944); Grievance Committee v. Dean, 190
S.W.2d 126 (Tex. Civ. App. -- Austin 1945, no writ). Article
430a of the Penal Code, repealed in 1949, defined various
services as the practice of law and prohibited non-lawyers
from rendering such services. Prior to its repeal, several
courts noted that the judiciary may have the final authority
to define the practice of law, but failed to rule on the
question and based their decisions upon the statute. Hexter
Title & Abstract Co. v. Grievance Committee, supra; Carr v.
Stringer, 171 S.W.2d 920 (Tex. Civ. App. --Ft. Worth 1943,
writ ref'd w.o.m.). In Carr, the court held that representation
of persons before the Railroad Commission in Rule 37 proceedings
was not included within the definition contained in article
430a and thus did not constitute the practice of law. The
court noted the power of the judiciary under authorities in
other states but did not apply any independent judicial
examination to the services involved. However, in Grievance
Committee v. Dean, supra, and Grievance Committee v. Coryell,
190 S.W.2d 130 (Tex. Civ. App. -- Austin 1945, writ ref'd
w.o.m.), the court held that the definition of article 430a
was not exclusive and that the judiciary retained the power
to define the practice of law.

Following the repeal of article 430a in 1949, the responsibility for defining the practice of law rested exclusively with the judiciary, although the Legislature could act in aid thereof to protect the public. Bryant v. State, 457 S.W.2d 72 (Tex. Civ. App. -- Eastland 1970, writ ref'd n.r.e.). In Southern Traffic Bureau v. Thompson, 232 S.W.2d 742 (Tex. Civ. App. -- San Antonio 1950, writ ref'd n.r.e.), the court dealt with the actions of the Bureau in presenting and prosecuting claims against rail carriers. The court held that the Bureau's activities under agreements with shippers which gave the Bureau discretion to settle claims and accept settlement offers constituted the practice of law. See also Quarles v. State Bar of Texas, 316 S.W.2d 797 (Tex. Civ. App. -- Houston 1958, no writ). However, the court held that various investigational procedures did not involve the practice of law and stated:

> The rule limiting the practice of law . . . should not be extended beyond the requirements of the common good. Southern Traffic Bureau v. Thompson, supra at 749.

Thus, any decision concerning the definition of the practice of law should be based upon an analysis of the dangers and benefits to the public. Of course, these factors will differ depending upon the substance and nature of particular administrative proceedings. In some instances, federal law is relevant. See e.g. 20 C.F.R. 404.971 (1976). For these reasons, it would be impossible to answer a general question concerning the representation of persons and corporations before all state agencies. Accordingly, we will address only the the specific agencies mentioned in your request, the Industrial Accident Board and the State Board of Insurance.

The Industrial Accident Board was created by the Legislature to administer the State's Workmen's Compensation Law. V.T.C.S. arts. 8306-8309h. In Booth v. Texas Employers' Insurance Association, 123 S.W.2d 322 (Tex. 1938), the court explained:

> [I]t is apparent that the Industrial Accident Board is not a court but an administrative body, that claims filed before it are not pleadings, and that the presentation or hearing of claims is not intended to be attended or governed by rules or formalities appropriate to trials in court.

. . . .

>It is important to the successful
>performance of the duties of such admin-
>istrative agency and to the attainment of
>the general purpose of the Workmen's
>Compensation Law that the board be per-
>mitted to entertain and promptly decide
>claims submitted to it, unhampered by
>unnecessary formality and unrestrained by
>the rules of pleading and evidence that
>prevail in the courts.  It is often desirable
>that the injured employee be able to file his
>claim for compensation and submit it to
>the board without the assistance of an
>attorney at law.  Id. at 326.

The court further noted that the Board was empowered to make rules not inconsistent with law.

Prior to 1975, article 8307, section 10(b) expressly recognized that nonlawyers might represent parties before the Industrial Accident Board.  In the enactment of Senate Bill 1010 by the 64th Legislature, the language "their attorneys or the duly authorized agents of the parties," was deleted from section 10(b).  This could have been an inadvertant omission which was beyond the scope of the conference committee's authority, since the language was in the bill as presented to the committee and was not a subject of disagreement between the two houses.  Senate Rule 96(a), SR4, Senate Journal, 64th Leg., p. 4 (11475); House Rule 25, section 8, HSR 12, House Journal, Vol. 1, 64th Leg., p. 63 (11675).  In addition, the deletion was not accomplished in accordance with the rules pertaining to amendment of existing statutes; that is, the phrase was not bracketed and marked through as required by Joint Rule 22(c), SCR 17, Senate Journal, 64th Leg., p. 979 (42575).  Accordingly, in our opinion, the deletion of this language from article 8307, section 10(b) was not a clear indication of an intent on the part of the Legislature to prohibit nonlawyers from practicing before the Board.

The Industrial Accident Board has informed us that non-lawyers are permitted to represent parties at prehearing conferences and at hearings before the Board.  See Board

Rule 5.080(b) (Texas Compensation Manual).   They may likewise
do so before the State Board of Insurance.   Rule 059.01.04.008.
(Rules of Practice and Procedure before the State Board of
Insurance and the Commissioner of Insurance, Dec. 31, 1975).
This is not to say, of course, that a non-lawyer is required
or entitled to represent an individual in the same manner as
an attorney is or that  he  may charge a fee for such represen-
tation.   This has long been the practice in this state and neither
the judiciary nor the Legislature has seen fit to alter it.
As previously stated, any prohibition of such representation
by non-lawyers must result from an assessment of the public
welfare.   In our view, the Legislature and the agency involved
are in the best position to make such an assessment.

The settlement of claims by an insurance adjuster was
authorized by the Statement of Principles approved by the
State Bar in 1946.   22 Texas Bar Journal 69 (1959).   Similarly,
in a meeting of members of the Unauthorized Practice of Law
Subcommittee and insurance representatives on November 5,
1976, a consensus was reached that "activities of insurance
adjusters and persons representing claimants at prehearing
conferences do not present any great problem or danger to
the . . . public at the present time" and that the appearance
of non-lawyers before the Industrial Accident Board and the
Insurance Commission "does not, of itself, constitute [the]
practice of law."   See Carr v. Stringer, supra.   See also
Booth v. Texas Employers' Insurance Association, supra,
regarding the informal nature of Industrial Accident Board
hearings.

In the many briefs filed with this office in this
matter, there is no reference to any detriment to the public
resulting from representation by non-lawyers before these
agencies.   In our view, such a showing should be made in
order to disturb the long standing practice of the agencies.
Accordingly, in our opinion, representation of parties
before the State Board of Insurance and the Industrial
Accident Board does not constitute the unauthorized practice
of law so long as such representation is permitted by the
agencies and is not prohibited by an act or decision of the
Legislature or the courts.

We are mindful of the case law of other jurisdictions
which would in some instances preclude representation before
agencies by non-lawyers.   See Annot. 2 A.L.R.3d 724.   However,
the decisions are not consistent; they vary with the terms
of the various statutes and the differing views of the

public welfare on the part of the courts.  See Eagle Indemnity Co. v. I.A.C. of California, 18 P.2d 341 (Calif. 1933); Denver Bar Association v. Public Utilities Commission, 391 P.2d 467 (Colo. 1964); Hoffmeister v. Tod, 349 S.W.2d 5 (Mo. 1961); Goodman v. Beall, 200 N.E. 470 (Ohio 1936).

### S U M M A R Y

Representation of parties before the State Board of Insurance and the Industrial Accident Board does not constitute the unauthorized practice of law so long as such representation is permitted by the agencies and is not prohibited by any act or decision of the Legislature or the courts.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml