[No. B133156. Second Dist., Div. Four. May 3, 2000.]

99 CENTS ONLY STORES, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and EDY
ARRIAGA, Respondents.

**COUNSEL**

Shelley A. Weinstein for Petitioner

Hinden, Grueskin & Aguirre and Manuel E. Aguirre for Respondent Edy Arriaga.

No appearance for Respondent Workers' Compensation Appeals Board.

OPINION

VOGEL (C. S.), P. J.—

INTRODUCTION

The Workers' Compensation Appeals Board (WCAB) awarded attorney's fees to a law firm for representation of an injured worker at a deposition by an unlicensed "hearing representative." The petitioner and employer, 99 Cents Only Stores (Stores), contends the fees awarded were not based on substantial evidence and were excessive.[1] We agree and reverse, and further find that such fees are subject to the same guidelines as for attorneys.

FACTS

Edy Arriaga, a forklift operator, sustained an admitted crush injury to his right hand at work on August 29, 1997. Sometime thereafter, Arriaga retained the law firm of Hinden, Grueskin & Aguirre for his workers' compensation claim.

On July 21, 1998, Stores deposed Arriaga. Subsequently, the law firm filed a petition to obtain deposition attorney's fees under section 5710. Section 5710, subdivision (b) allows the WCAB to award the injured worker deposition attorney's fees and states in relevant part, "Where the employer or insurance carrier requests a deposition to be taken of an injured employee . . . the deponent is entitled to receive in addition to all other benefits: [¶] . . . [¶] (4) A reasonable allowance for attorney's fees for the deponent, if represented by an attorney licensed by the State Bar of this state. The fee shall be discretionary with, and, if allowed, shall be set by, the appeals board, but shall be paid by the employer or his or her insurer."

The petition alleged that a qualified and experienced hearing representative, Diego Plasencia, had represented the law firm and Arriaga at the deposition. Plasencia was one of 11 hearing representatives associated with and indicated on the law firm's letterhead.

The petition requested $471 for deposition attorney's fees, based upon $125 per hour for three hours and 46 minutes, which included time for travel and preparation. An attached deposition checklist, which was apparently signed by Arriaga and Plasencia, indicated every area on the list was covered in preparation, including earnings, public benefits, discrimination and serious and willful misconduct.

[1]Originally, this court denied Stores's petition for writ of review, which included other issues. Under California Rules of Court, rule 29.4, the Supreme Court ordered the sole issue of deposition attorney's fees under Labor Code section 5710, subdivision (b)(4), be set for hearing.

All further reference to statute is to the Labor Code unless stated otherwise.

The workers' compensation judge (WCJ) awarded the law firm $471 as petitioned, subject to objection within 20 days as required by *Mitchell v. Golden Eagle Insurance* (1995) 60 Cal.Comp.Cases 205 (in bank).[2]

Stores timely objected on the basis that $80 an hour was more than reasonable to compensate a nonattorney.

The parties proceeded to trial. The issues included section 5710 fees but not earnings, public benefits paid, discrimination, or serious and willful misconduct; nor was Arriaga's deposition submitted into evidence.

Arriaga briefly testified about his disability and subsequent employment. There was no reference to his deposition.

As part of the findings and award, the WCJ awarded $613 in section 5710 fees. In the opinion on decision the WCJ explained that although Arriaga's attorney requested $125 per hour, the court normally awarded $175 per hour to hearing representatives. The $613 award amounts to an hourly compensation of approximately $163.

Stores petitioned for reconsideration before the WCAB. Stores contended that section 5710 did not allow nonattorneys deposition fees. Stores further alleged that although hearing representatives may provide services, inconsistent amounts were awarded by the WCJ and there is no uniformity even among WCAB offices. Stores also asserted $613 was excessive because there was no evidence regarding the qualifications or supervision of hearing representative Plasencia. Finally, Stores argued that most attorneys practicing workers' compensation law receive a lower hourly rate than the amount awarded for Plasencia's services.

In the report on reconsideration the WCJ responded that the initial order awarding $471 at $125 per hour was rendered null and void by Stores' objection, and was no longer relevant. The WCJ added that Stores provided no evidence Plasencia lacked qualifications or supervision as alleged, and the standard hourly rate should apply given the highly contested nature of the case.

The WCAB adopted the WCJ's reasons and decision and denied reconsideration.

---

[2]In *Mitchell* the WCAB held that it was a violation of due process to issue an order allowing fees under section 5710, subdivision (b)(4) without providing an opportunity for objection. The WCAB also determined that finding of an industrial injury was not a prerequisite; where fraud was alleged in good faith, deposition fees should be deferred until the matter was resolved; and the proper procedures regarding fees are analogous to the procedures for medical-legal costs.

Stores filed a petition for writ of review and repeats the arguments raised for reconsideration. Stores further contends the phrase "[I]f represented by an attorney licensed by the State Bar of this state" was added to section 5710, subdivision (b)(4) to reduce fraud, and it was error to award fees to a lay representative for a deposition appearance, citing *Longval v. Workers' Comp. Appeals Bd.* (1996) 51 Cal.App.4th 792 [59 Cal.Rptr.2d 463].

In *Longval* the court held it was not a violation of due process and equal protection to deny a hearing representative payment pursuant to the changes in section 4903, subdivision (a),[3] which authorizes attorney's fees to be paid as a lien claim, and section 5710, subdivision (b)(4). Although the court concluded nonattorneys may continue to represent parties in workers' compensation matters, citing *Eagle Indem. Co. v. Industrial Acc. Com.* (1933) 217 Cal. 244 [18 P.2d 341],[4] the recent reform legislation was found to rationally remove the financial incentive for lay representatives in an effort to control fraudulent claims.

Arriaga answers that legal fees are discretionary, the WCJ awarded the standard amount, and in *Longval* the injured worker was not represented by a supervising attorney.

## DISCUSSION

■ Traditionally, nonattorneys have been permitted to participate in workers' compensation proceedings, and this has not changed. (*Eagle Indem. Co. v. Industrial Acc. Com., supra,* 217 Cal. 244; *Longval v. Workers' Comp. Appeals Bd., supra,* 51 Cal.App.4th at p. 798.) In addition, section 5501 allows an application conferring jurisdiction to be filed by any party, attorney, or other representative as long as the nonattorney is authorized in writing and so notifies the WCAB. Section 5700 in part provides, "Either party may be present at any hearing, in person, by attorney, or by any other agent . . . ."

---

[3]Section 4903, subdivision (a) allows as lien claims against payable compensation, "[a] reasonable attorney's fee for legal services pertaining to any claim for compensation either before the appeals board or before any of the appellate courts, and the reasonable disbursements in connection therewith. *No fee for legal services shall be awarded to any representative who is not an attorney, except with respect to those claims for compensation for which an application, pursuant to Section 5501, has been filed with the appeals board on or before December 31, 1991, or for which a disclosure form, pursuant to Section 4906, has been sent to the employer, or insurer or third-party administrator, if either is known, on or before December 31, 1991.*" (Italics added.)

[4]In *Eagle Indem. Co.* the Supreme Court determined that statutes pertaining to workers' compensation provided an exception for lay representatives to practice law without a license and to receive fees. The Supreme Court further indicated the statutes could be amended should the Legislature desire a different policy.

An award of fees for such services is a separate issue. While section 4903, subdivision (a) and section 5710, subdivision (b)(4) no longer allow fees to be awarded directly to lay representatives in certain instances, these statutes do not specifically prohibit payment to a law firm which represents the injured worker and legitimately employs nonattorneys.

In *Simi Unified School District v. Workers' Comp. Appeals Bd.* (1993) 58 Cal.Comp.Cases 235 (writ den., 21 Cal. Workers' Comp. Rptr. 41), a WCAB panel allowed fees under section 5710 for a deposition appearance by an unlicensed employee of a properly licensed attorney. The panel also affirmed an hourly rate of $75, provided that there was adequate supervision by an identified attorney and full disclosure occurred on the record and to the injured worker.

The conclusion that nonattorneys employed by licensed counsel can represent injured workers at depositions, but that such services are of lesser value is further supported by WCJ Pamela Foust, an acknowledged authority regarding lien claims. WCJ Foust states, "[I]f a non-attorney appears at a deposition as an employee of the attorney of record, the deponent would still be 'represented by an attorney.' Allowing a fee in this situation would be proper, but it is the writer's belief that a lesser amount would be merited . . . dependent on the non-attorney's qualifications and level of expertise."[5]

We further find that since fees for such services can only be awarded under the umbrella of a law firm, the value should be judged by the same guidelines as for attorneys. Section 4906, subdivision (d) states, "In establishing a reasonable attorney's fee, consideration shall be given to the responsibility assumed by the attorney, the care exercised in representing the applicant, the time involved, and the results obtained." WCAB rules require similar considerations.[6]

■ In this case evidence regarding Plasencia's actual qualifications or supervision in order to justify fees was not submitted, nor requested by the

---

[5]Foust, Lien Claims in Workers' Compensation Cases (3d ed. 1999) page 205.

[6]California Code of Regulations, title 8, section 10775 adds, "In establishing a reasonable attorney's fee, the workers' compensation judge, settlement conference referee or arbitrator shall consider the: [¶] (a) responsibility assumed by the attorney, [¶] (b) care exercised in representing the applicant, [¶] (c) time involved, [¶] (d) results obtained. [¶] Reference will be made to guidelines contained in the Policy and Procedural Manual and workers' compensation judges, settlement conference referees and arbitrators shall at all times comply with Labor Code section 5313 by setting forth the reasons or grounds for applying the guidelines in any fee determination. [¶] Through its power to grant reconsideration on its own motion, the Appeals Board shall exercise authority to ascertain the extent to which these guidelines are followed."

Section 6.8.4 of the WCAB's "Policy and Procedural Manual" further provides in pertinent part: "The Labor Code imposes an obligation on the workers' compensation judges to

WCJ, as required by the Labor Code and WCAB's rules.[7] The conclusionary statement by counsel in the petition for fees is not evidence, nor was Arriaga's deposition offered to show the quality and extent of representation.

In addition, preparation time was billed for matters not in issue, which also indicates a lack of expertise and supervision. Furthermore, no cogent explanation was given why $471 in fees at what generally is considered an excessive rate of $125 per hour was reasonable. Moreover, without new evidence, and in an admitted injury case with only brief trial testimony, the $613 awarded was not justified.

We also agree with *Simi Unified School District v. Workers' Comp. Appeals Bd., supra,* 58 Cal.Comp. Cases 235, and WCJ Foust that lay

determine what is a reasonable attorney's fee in cases submitted to them for decision. [¶] The Board recognizes the valuable service rendered to applicants by competent attorneys. The Board recognizes, too, that reasonable fees must be sufficient to encourage such competent attorneys to participate in this field of practice. The Board has seen instances where fees appear to be unreasonably low or high. The Board has seen, too, instances where attorneys accept sizeable fees for services which are largely unnecessary because there is little in dispute and little time, effort or skill involved. [¶] The Board also recognizes that . . . in many cases a fee based solely on a percentage of permanent [disability] indemnity may be inadequate to compensate an attorney for his services. [¶] To encourage attorneys to render a more balanced service and to increase opportunity for attorneys to be more adequately compensated (particularly in view of increased statutory temporary disability) the following is promulgated as a guideline for the use of the workers' compensation judges. [¶] 1. In cases of average complexity, the Board believes that a reasonable fee will be in the range of 9 percent to 12 percent of the permanent disability indemnity, death benefit or compromise and release awarded. In addition thereto, a fee equivalent to 9 percent to 12 percent of the temporary disability indemnity and out-of-pocket medical benefits to the extent that they are obtained or awarded as a result of applicant's attorney's services may be allowed. [¶] 2. In cases of above average complexity, a fee in excess of the normal upper limit of 12 percent applicable to all benefits described in paragraph 1 hereof is warranted. Such cases may include, but are not limited to: [¶] (a) cases establishing a new or obscure theory of injury or law; [¶] (b) cases involving highly disputed factual issues, where detailed investigation, interrogation of prospective witnesses, and participation in lengthy hearings are involved; [¶] (c) cases involving highly disputed medical issues; [¶] (d) cases involving multiple defendants. . . . [¶] 4. . . . . It should be realized that the time involvement of a recognized specialist, who has demonstrated his skill in the field, is to be valued much more highly on an hourly basis than the time involvement of a person less knowledgeable and skilled in the field of workers' compensation law. [¶] 5. If the record does not establish, to the satisfaction of the workers' compensation judge, a sufficient basis for determining the value of counsel's services, the judge should request counsel to supply the desired information. This need not be done orally on the record or by written communication, but the workers' compensation judge should be satisfied that there is an adequate basis for justifying the fee determination if it should be made an issue."

[7]In *Rich v. Hartford Underwriters* (1993) ANA 248543, 22 Cal. Workers' Comp. Rptr. 56, a WCAB panel remanded an order allowing a deposition fee to an attorney of $150 for 45 minutes, or $175 per hour where the insurer conceded $140 per hour, to provide an explanation considering section 4906, the WCAB rules, and the Policy and Procedural Manual. The panel noted actual time spent could include travel and preparation.

services justify a fee that is less than the fee an attorney could reasonably claim. In other words, we disapprove of awarding a lay hearing representative an hourly rate comparable to that which would be awarded licensed attorneys, absent sufficient substantiation.

In *Lee v. Workers' Comp. Appeals Bd.* (1998) 63 Cal.Comp.Cases 1082 (writ den.), the WCAB determined $175 per hour was an appropriate hourly rate for representing an employee in opposing an employer's writ of review in a case of average complexity.[8] Logically, the value of hourly services by a nonattorney appearing at a deposition should be much less than the value of an attorney on appeal. The law firm admitted as much by billing $125 per hour, but even this amount requires much greater justification considering the cases and standards for fees cited herein. In any event, the award of $613 was patently excessive, and arguably not justified at all, in the context of the bare record presented here.

DISPOSITION

The decision of the WCAB is annulled and the matter is remanded for further proceedings consistent with this opinion.

Epstein, J., and Hastings, J., concurred.

Petitioner's petition for review by the Supreme Court was denied July 26, 2000.

---

[8]See also *Hurtado v. First Metals & Chemicals, Inc.* (1998) SF 352097, 27 Cal. Workers' Comp. Rptr. 44 (WCAB panel rejected $175-per-hour deposition fee requested by attorney and affirmed $125, where a petition for serious and willful misconduct was barred by laches) and *Kuykendall v. Workers' Comp. Appeals Bd.* (1984) 49 Cal.Comp.Cases 257 (writ den.) (lesser hourly rate for attorney representing employee at deposition awarded because specialization was in other fields and not workers' compensation).